ORIGINAL

EDWARD H. KUBO, JR.  2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI  2286
Chief, Narcotics Section

THOMAS MUEHLECK  3591
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii  96850
Telephone:  541-2850
Facsimile:  541-2958
Tom.Muehleck@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 29 2006

at 10 o'clock and 30 min. A M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 04-00399 DAE |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF PLEA AGREEMENT |
| | ) | |
| vs. | ) | Date: MARCH 29, 2006 |
| | ) | Time: 10:30 a.m. |
| DAWN R. GALARITA, | ) | Judge: Hon. ~~David A. Ezra~~ |
| | ) | Barry M. Kurren |
| Defendant. | ) | |

MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA, by its attorney, the United States Attorney for the District of Hawaii, and the Defendant, DAWN R. GALARITA, and her attorney, Clayton K. Kimoto, have agreed upon the following:

1. Defendant acknowledges receipt of the Second Superseding Indictment filed in this case charging her with violating Title 21, United States Code, Sections 846, 843(b) and 841(a)(1) and Title 18, United States Code, Sections 2232(a) and 1956 and those charges have been explained to her by her attorney.

3. Defendant has read the charges against her contained in the Second Superseding Indictment and those charges have been fully explained to her by her attorney.

4. Defendant fully understands the nature and elements of the crimes with which she has been charged.

5. Defendant will enter a voluntary plea of guilty to Count 4 of the Second Superseding Indictment charging her with taking action to prevent the seizure of two automobiles by federal authorities. In exchange for the defendant's plea, the United States agrees to dismiss the remaining counts of the Second Superseding Indictment against the defendant at the time of sentencing.

6. Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

7. Defendant enters this plea because she is in fact guilty of taking action to prevent the seizure of two automobiles by federal authorities as charged in Count 4 of the Second

Superseding Indictment, and agrees that this plea is voluntary and not the result of force or threats.

8. Defendant understands that the penalties for the offense to which she is pleading guilty include: up to five years imprisonment and a fine of up to $250,000, plus a term of supervised release of not more than three years.
In addition, the Court must impose a $100 special assessment as to each count to which the Defendant is pleading guilty. Defendant agrees to pay $100 for each count to which she is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing. Defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this agreement at its option.

9. Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which Defendant is pleading guilty:

During 2004 the defendant was aware that Sham Vierra was distributing methamphetamine on Maui. On August 23, 2004, Sham Vierra telephoned the defendant and told her that he had been stopped by federal law enforcement officers the night before and that he had to transfer ownership of his vehicles before they

were seized by federal authorities.  The defendant, who provided bookkeeping services for Vierra's excavation business, was in possession of the Certificates of Title of Vierra's 2002 Ford pickup truck and his 1989 BMW automobile.

Vierra told the defendant that he wanted to transfer title to the vehicles to his children in order to prevent their seizure.  Vierra told the defendant that he had been caught by federal authorities while in possession of a large amount of drugs.  On August 24, 2004, the defendant and Vierra spoke on the telephone and the defendant advised Vierra that she had filled out the transfer title portion of the title documents and that he should backdate the transfers to the week prior to the seizure of drugs by authorities.  On September 30, 2004, federal agents executed a search warrant on defendant's Lahaina residence and recovered certificates of title for Sham Vierra's 2002 Ford pickup truck and his 1989 BMW automobile.  Both vehicles had been purchased by Vierra with monies obtained from the sale of methamphetamine.  Both titles had the transfer portions of the documents partially completed and marked with an "X" designating the place for Vierra to print, sign his name and fill in the name of the new owner.  The defendant by her actions intended to assist Vierra in preventing the seizure of his two vehicles by federal authorities.

4

10. Pursuant to CrimLR32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charge to which the Defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

11. The United States Attorney agrees that Defendant's agreement herein to enter into a guilty plea(s) constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to Defendant. Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b)(2), if defendant is otherwise eligible. The Defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the probation office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

12. The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any

stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.

  13. The Defendant is aware that she has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a). Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

  a. The Defendant also waives her right to challenge her sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

  b. If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the portion of her sentence greater than specified in that guideline range and the manner in which that portion was

determined under Section 3742 and to challenge that portion of his sentence in a collateral attack.

        c.   The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

        14.   The Defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines. The Defendant agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

        15.   The Defendant understands that pursuant to Guideline 6B1.1(c), this Agreement cannot be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary pursuant to Guideline 6A1.1. The Defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charges adequately reflect the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

        16.   Defendant understands that by pleading guilty she surrenders certain rights, including the following:

      a.  If Defendant persisted in a plea of not guilty to the charges against him she would have the right to a public and speedy trial.  The trial could be either a jury trial or a trial by a judge sitting without a jury.  The Defendant has a right to a jury trial.  However, in order that the trial be conducted by the judge sitting without a jury, the Defendant, the prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

      b.  If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random.  Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.  The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.  The jury would be instructed that the Defendant is presumed innocent, and that it could not convict her unless, after hearing all the evidence, it was persuaded of her guilt beyond a reasonable doubt.

      c.  If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the Defendant's guilt beyond a reasonable doubt.

d. At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the Defendant. Defendant would be able to confront those prosecution witnesses and her attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on her own behalf. If the witnesses for the Defendant would not appear voluntarily, she could require their attendance through the subpoena power of the Court.

e. At a trial, the Defendant would have a privilege against self-incrimination so that she could decline to testify, and no inference of guilt could be drawn from her refusal to testify.

17. Defendant understands that by pleading guilty, she is waiving all of the rights set forth in the preceding paragraph. Defendant's attorney has explained those rights to her, and the consequences of the waiver of those rights.

18. Defendant and her attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

19. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to

accept this Agreement since the Court is expressly not bound by stipulations between the parties.

20. Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charges against her, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

DATED: Honolulu, Hawaii, March 29, 2006.

AGREED:

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

DAWN R. GALARITA
Defendant

FLORENCE T. NAKAKUNI
Chief, Narcotics Section

CLAYTON K. KIMOTO
Attorney for Defendant

THOMAS MUEHLECK
Assistant U.S. Attorney